AO 245B    (Rev. 09/08) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

District of   Nevada

| UNITED STATES OF AMERICA | **AMENDED** JUDGMENT IN A CRIMINAL CASE |
|---|---|
| **v.** | |
| ARYTOM MATEVOSYAN | Case Number:    2:08-CR-0309-JCM-PAL |
| | USM Number:    43606-048 |
| | MICHAEL SANFT |
| | Defendant's Attorney |

## THE DEFENDANT:

**X pleaded guilty to count(s)**   ONE [1] AND TWO [2] OF THE INDICTMENT

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C.§1029(a)(1) | Trafficking in Production and Use of Counterfeit Access Devices | 11/24/2007 to | One [1] |
| 18 U.S.C.§1029(a)(5)(b)(1) | Fraudulent Transactions with Access Devices Issued to Other persons | 3/25/2008 | Two [2] |

     The defendant is sentenced as provided in pages 2 through    6    of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is   ☐ are  dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

APRIL 15, 2011
Date of Imposition of Judgment

_James C. Mahan_ (signature)
Signature of Judge

JAMES C. MAHAN, U.S. DISTRICT JUDGE
Name and Title of Judge

May 9, 2012

Date

Judgment — Page    2    of    6

DEFENDANT:          ARYTOM MATEVOSYAN
CASE NUMBER:        2:08-CR-0309-JCM-PAL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

## (37) MONTHS PER COUNT TO RUN CONCURRENT

X   The court makes the following recommendations to the Bureau of Prisons:
1. SAFFORD, ARIZONA
2. PHOENIX, ARIZONA

X   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐  a.m.   ☐  p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Judgment—Page   3   of   6

DEFENDANT:          ARYTOM MATEVOSYAN
CASE NUMBER:        2:08-CR-0309-JCM-PAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

## (3) YEARS PER COUNT TO RUN CONCURRENTLY

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court,  not to exceed 104 tests annually.  Revocation is mandatory for refusal to comply.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

**X    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.** *(Check, if*

**X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.** *(Check, if applicable.)*

☐    The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.  *(Check, if applicable.)*

☐    The defendant shall participate in an approved program for domestic violence.  *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)    the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page   4   of   6

DEFENDANT:          ARYTOM MATEVOSYAN
CASE NUMBER:        2:08-CR-0309-JCM-PAL

## SPECIAL CONDITIONS OF SUPERVISION

1. **Possession of Weapons** - You shall not possess, have under your control, or have access to any firearm, explosive device, or other dangerous weapons, as defined by federal, state, or local law.

2. **Warrantless Search** - You shall submit  your person, property, residence, place of business and vehicle under your control to a search conducted by the United States Probation Officer or any authorized person under the immediate and personal supervision of the probation officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision; failure to submit to a search may be grounds for revocation; the defendant shall inform any other occupant that the premises may be subject to a search pursuant to this condition.

3. **Debt Obligations** - You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.

4. **Access to Financial Information** - You shall provide the probation officer access to any requested financial information, including personal income tax returns, authorization for release of credit information, and any other business financial information in which you have a control or interest.

5. **Deportation Compliance -** You shall not re-enter the United States without legal authorization.

6. **True Name** - You shall use your true name at all times and will be prohibited from the use of any aliases, false dates of birth, social security numbers, places of birth, and any other pertinent demographic information.

7. **Report to Probation Officer After Release From Custody** - You shall report in person, to the probation office in the district in which you are released within **72 hours** of discharge from custody.

*Note:  A written statement of the conditions of release was provided to the Defendant by the Probation Officer in open court at the time of sentencing.*

Judgment — Page  5  of  6

DEFENDANT:          ARYTOM MATEVOSYAN
CASE NUMBER:     2:08-CR-0309-JCM-PAL

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ WAIVED | $ 118,424.90 |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| American Express<br>P.O. Box 981540<br>El Paso, Texas 79998-1540 | $96,927.26 | | |
| Citibank<br>100 Citibank Drive<br>San Antonio, Texas 78245 | $11,530.74 | | |
| Discover<br>P.O. Box 6103<br>Carol Stream, Illinois  60197-6103 | $9,966.90 | | |
| **TOTALS** | $         $118,424.90 | $ | |

X   Restitution amount ordered pursuant to plea agreement  $     118,424.90

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the    ☐  fine    ☐  restitution.

☐   the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __6__ of __6__

DEFENDANT:         ARYTOM MATEVOSYAN
CASE NUMBER:       2:08-CR-0309-JCM-PAL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**  X  **Lump sum payment of $ _200.00_** due immediately, balance due

     ☐   not later than _____ , or
     ☐   in accordance    ☐ C,    ☐ D,    ☐ E, or    ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** X Special instructions regarding the payment of criminal monetary penalties:

**Schedule of payments** - Any remaining balance shall be paid during the term of supervised release at a rate of no
less than 10% of gross income, subject to an adjustment by the probation officer based upon the ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

X  Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

ARYTOM MATEVOSYAN -1, MIKAYELAKOPYAN-2, GERGANA HRISTOVA-3 2:08-CR-0309-JCM-PAL  TOTAL AMOUNT: $118,424.90.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:

\*     **ORDER OF FORFEITURE ATTACHED"**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1

2

3

4

5

6                          **UNITED STATES DISTRICT COURT**

7                              **DISTRICT OF NEVADA**

8    UNITED STATES OF AMERICA,               )
                                             )
9                       Plaintiff,           )
                                             )
10             v.                            )        2:08-CR-309-JCM (PAL)
                                             )
11   ARYTOM MATEVOSYAN,                      )
                                             )
12   _____Defendant._____)

13                            **ORDER OF FORFEITURE**

14          IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States recover

15   from ARYTOM MATEVOSYAN a criminal forfeiture money judgment in the amount of $1,000.00

16   in United States Currency pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Title 18, United States

17   Code, Section 982(a)(2)(B) and Title 18, United States Code, Section 1029(c)(1)(C).

18          DATED December 20, 2011.

19

20

21

22                                           _____
                                             UNITED STATES DISTRICT JUDGE
23

24

25

26

**PROOF OF SERVICE**

I, Heidi Skillin, certify that the following individuals were served with copies of the Order of Forfeiture on December 19, 2011, by the below identified method of service:

Electronic Filing

Osvaldo E. Fumo, Chtd
1212 Casino Center Boulevard
Las Vegas, Nevada 89104
Email: ozzie@fumolaw.com
*Counsel for Gergana Hristova*

Michael W. Sanft
Sanft Law
520 S. Fourth Street
Las Vegas, Nevada 89101
Email: sanftlawgroup@mac.com
*Counsel for Arytom Matevosyan*

Jonathan Powell
Patti & Sgro
720 S. Seventh Street, Suite 300
Las Vegas, Nevada 89101
*Counsel for Mikayel Akopyan*

/s/HeidiSkillin
HEIDI SKILLIN
Forfeiture Support Associate Clerk